# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ELLA SUMLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:08-CV-180 LMB |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF TREASURY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action against the United States Department of Treasury (the "Department") for an alleged violation of 42 U.S.C. § 407(a). Plaintiff alleges that the Department is taking money from her monthly Social Security benefits to recover an unpaid fine this Court imposed on her in the case United States v. Sumlin, 4:88CR47 DJS (E.D. Mo.), in 1989. Plaintiff argues that 42 U.S.C. § 407(a) specifically prevents the Department from taking money from her benefits. Plaintiff further argues that the Department may not recover the unpaid fine due to a ten-year statute of limitations allegedly contained in 31 U.S.C. § 3716(e)(1).

## Discussion

Title 42 U.S.C. § 407(a) states that Social Security benefits are generally not "subject to execution, levy, attachment, garnishment, or other legal process . . ." However, under § 407(b), a law may limit or supersede § 407(a) if it does so expressly.

Title 18 U.S.C. § 3613 governs the civil remedies the United States may use to recover an unpaid criminal fine. Section 3613(a) states: "The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law (including section 207 of the Social Security Act [42 U.S.C. § 407]), a judgment imposing a fine may be enforced against all property or rights to property of the person fined . . ." Thus, § 3613 expressly supersedes or limits § 407(a), and

§ 407(a) cannot operate to prevent the Department from collecting the unpaid fine. <u>See</u> <u>United States v. Novak</u>, 476 F.3d 1041, 1047 (9th Cir. 2007).

Title 31 U.S.C. § 3716 governs the manner in which the United States may collect debts by administrative offset. Section 3716(e)(1) states: "Notwithstanding any other provision of law, regulation, or administrative limitation, no limitation on the period within which an offset may be initiated or taken pursuant to this section shall be effective." As a result, plaintiff's assertion that the Department's collection of the fine is barred by a ten-year period of limitations is incorrect.

For these reasons, plaintiff's complaint is legally frivolous. And the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this <u>29th</u> day of January, 2009.